## M. L. Adams v. B. F. Adams.
### No. 3060.

Divorce—Fact Case.—See facts held insufficient to require that divorce be granted
to the wife.

Appeal from Shelby.    Tried below before Hon. James I. Perkins.
The opinion gives a statement.

*Tom C. Davis,* for appellant.—Where cruel treatment and outrages
affect the wife directly and personally in mind or body, they fall within
the scope and purpose of the statute and are such causes as were intended
to be relieved against by granting a divorce.    Shrick v. Shrick, 32 Texas,
589; Miller v. Miller, 72 Texas, 250.

No brief on file for appellee.

HENRY, Associate Justice.—The appellant brought this suit against
her husband for a divorce, on the ground of cruel treatment.

The allegations and proof with regard to the treatment are substan-
tially as follows:  On the 4th of January, 1889, there was a dancing
party at the residence of the parties to this suit.  The husband was drink-
ing, and it seems, having become offended with one of the guests, was
threatening to shoot him with a pistol when his wife seized it to prevent
the act, and during the violent wrestling for its possession which occurred
the husband drew the pistol through his wife's hand, bruising it and
causing the blood to flow.

The next morning the wife undertook to leave her home and go to her

father's, in company with a lady friend, but the husband pursued her with a pistol in his hand, which he did not then attempt in any way to use, and took her in his arms and forcibly carried her back to the house, saying that one of them would be dead before sundown. On the evening of the same day she succeeded in leaving and going to her father's house, where she remained.

The wife at the time of the injury to her hand, which was about 1 or 2 o'clock at night, complained of it and showed the hand to several persons, but said nothing at that time about any other injury having been inflicted on her by her husband. She continued to participate in the dance during the remainder of the night.

She reached her father's house about 2 o'clock the next day and related to her mother the circumstances of the injury to her hand, and then also stated to her mother that her husband, when he wrenched the pistol out of her hands, struck her a painful blow on her arm with it.

· She also stated that at the time when her husband compelled her to go back to the house with him he took hold of her and drew his pocket knife across her throat and threatened to cut it if she did not inform him where his pistol was.

There was evidence that on another occasion the husband used wicked language toward his wife, and threatening to abandon her started to leave the place, but returned at her entreaty.

The judge before whom the cause was tried without a jury refused to decree a divorce, and the cause comes before us on an assignment that under the evidence plaintiff was entitled to a decree.

A careful consideration of the evidence does not convince us that it is our duty to overrule the conclusions of the judge who tried the cause, and had the advantage of having many of the witnesses before him.

The judgment is affirmed.

*Affirmed.*

Delivered October 14, 1890.